## IN THE UNITED STATES DISTRICT COURT
## FOR THE NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHARMAYNE BROWN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. |
| | ) | _____ |
| | ) | |
| AMERICAN MOVING & | ) | |
| STORAGE, LLC, KEVIN ALLEN, | ) | **JURY TRIAL DEMANDED** |
| and RALPH MCBRIDE | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Charmayne Brown, by and through her undersigned counsel of record, and files this Complaint for Damages against American Moving & Storage, LLC, Kevin Allen, and Ralph McBride showing the Court as follows:

## JURISDICTION AND VENUE

### 1.

Plaintiff brings this action under (1) the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA") to recover unpaid, federally mandated overtime wages owed to Plaintiff and liquidated damages in an amount equal to unpaid overtime wages; (2) Title VII of the

Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) et seq. (hereinafter, "Title VII) for gender discrimination; and (3) to recover reasonable attorneys' fees and costs as allowed under the aforementioned federal statutes.

2.

In addition, Plaintiff invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claims.

3.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§1331, 1343 on the grounds that this action arises under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA").

4.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and Defendant American Moving & Storage, LLC (hereinafter, "AMS") maintains a place of business within the Northern District of Georgia, Atlanta Division.

**PARTIES**

5.

Plaintiff Charmayne Brown ("Plaintiff" or "Brown") is an individual residing in the State of South Carolina. Plaintiff is subject to the jurisdiction and venue of this Court.

6.

Defendant American Moving & Storage, LLC ("Defendant" or "AMS") is an employer as defined by 29 U.S.C. § 203(d), is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(s), is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and may be served with Summons and Complaint in this action through its registered agent, Kevin Allen, at 1109 Walthour Road, Chatham, Savannah, Georgia 31410.

7.

At all times relevant to this action, Plaintiff was an employee of Defendant AMS.  Plaintiff performed non-exempt work for Defendant AMS within the last four (4) years.

8.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

9.

Defendant AMS is qualified and licensed to do business in the State of Georgia and at all times material hereto has conducted business within this District.

10.

Defendant AMS is an employer within the meaning of the FLSA 29 U.S.C. § 203(d).

11.

Defendant AMS had annual revenues of $2.5 million in 2011.

12.

Defendant AMS has over forty employees.

13.

Defendant Kevin Allen is an employer within the meaning of the FLSA 29 U.S.C. § 203(d).

14.

Defendant Allen was employed as a supervisor for Defendant AMS. He resides at 101 Kahn Industrial Ct., Savannah, Georgia 31405 and is subject to the jurisdiction of this Court.  Defendant Allen may be served by delivering process at said address.

15.

Defendant Ralph McBride was employed by Defendant AMS.  He resides at 421 S Baldwin Circle, Savanna, Georgia 31405 and is subject to the jurisdiction of this Court.  Defendant McBride may be served by delivering process at said address.

**FACTUAL BACKGROUND**

16.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

17.

Defendant AMS is a for-profit organization with an annual dollar amount of sales or business of at least $500,000.

18.

Specifically, Defendant AMS is a Georgia moving, storage, and relocation company.

19.

Defendant AMS provides professional packing, crating, moving, and storage services across the State of Georgia and also provides said services on an interstate and international basis.

20.

Defendant AMS has employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

21.

Plaintiff was employed by Defendant AMS as a packing supervisor from January 2013 until December 2016.

22.

Plaintiff was not paid on a salary basis but instead received compensation at a rate of $13.00 per hour.

23.

While employed by Defendant AMS, Plaintiff's work schedule was controlled by her direct supervisor Patrick Brown.  In his role as supervisor, Patrick Brown was responsible for hiring Plaintiff, instructing, and setting the terms and conditions of her employment.

24.

Defendant AMS required Plaintiff to work hours in excess of forty (40) hours per workweek but failed to compensate Plaintiff at the federally-mandated rate of one and one-half times her regular rate of pay for those hours.

25.

On or around December 2016, Patrick Brown and Defendant Ralph McBridge, both male employees of Defendant AMS and colleagues of Plaintiff, engaged in a physical confrontation and started fighting.

26.

Plaintiff attempted to break up the fight between her male colleagues.

27.

As Plaintiff attempted to break up the fight, Defendant Ralph McBride told Plaintiff to "mind her own business" and then punched Plaintiff in the face.

28.

Savannah-Chatham Metropolitan Police arrived on the scene and spoke to witnesses.

29.

Defendant Kevin Allen, owner of Defendant AMS, told Plaintiff if she pressed charges, she would lose her job.

30.

As a result, Plaintiff did not press charges against Defendant McBride.

31.

Thereinafter, Defendant Allen placed Plaintiff on suspension.

32.

Plaintiff was subsequently terminated for fighting while Defendant McBride and Patrick Brown, male employees of Defendant AMS and colleagues of Plaintiff who were involved in the fight, were not disciplined and retained their jobs.

## COUNT I

## FLSA VIOLATION - 29 U.S.C. § 206(a)(1)

33.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

34.

During the statutory period, Plaintiff was employed by Defendant AMS & Defendant Allen to provide services as a packing supervisor.

35.

The FLSA requires employers to pay employees for all hours worked and requires employers to pay employees one and one-half times the regular rat of pay for all hours worked over 40 hours in a workweek.

36.

Defendant AMS and Defendant Allen's actions, policies, and/or practices described above are in violation of the FLSA's overtime

requirements as they fail to compensate Plaintiff for time spent on work activities as described herein.

37.

As the direct and proximate result of Defendant AMS and Defendant Allen's willful and unlawful conduct, Plaintiff has suffered loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT II
## GENDER DISCRIMINATION IN
## VIOLATION OF TITLE VII

38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

39.

Defendant Allen and Defendant AMS discriminated against Plaintiff while she was employed at AMS by, among other things, treating her less favorably than male employees, disciplining her for certain alleged acts while not disciplining male employees for the exact same acts, depriving her of economic opportunities, and terminating her employment while allowing male colleagues to retain their jobs.

40.

The effect of Defendant Allen and Defendant AMS' conduct was to deprive Plaintiff of economic opportunities and otherwise adversely affected Plaintiff's status as an employee because of her sex.

41.

As a direct and proximate result of Defendant Allen and Defendant AMS' actions, Plaintiff has experienced adverse effects to both her psychological and physical well-being.

42.

Defendant AMS is strictly liable for the acts of Defendant Allen and its agents.

**COUNT III**
**BATTERY**

43.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

44.

Defendant Ralph McBride intentionally punched Plaintiff in the face.

45.

Defendant McBride's punch constitutes unlawful and offensive touching of Plaintiff without her consent.

x.

Defendant McBride is employed by Defendant AMS.

46.

Defendant McBride punched Plaintiff during the course of his employment with Defendant AMS.

47.

Defendant AMS is strictly liable for the act of Defendant McBride and its agents under the theory of respondeat superior.

48.

As a direct and proximate result of Defendant McBride and Defendant AMS' unlawful actions, Plaintiff has suffered damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1) Enter judgment against Defendant AMS and Defendant Allen for an amount equal to Plaintiff's unpaid overtime wages for the relevant statutory period pursuant to FLSA;

2) Award liquidated damages in an additional amount equal thereto;

3) General damages for mental and emotional suffering caused by Defendants' misconduct;

4) Punitive damages based on Defendants' willful, malicious, intentional, reckless, and deliberate acts, including Defendant AMS's ratification, condonation, and approval of said acts;

5) Special damages and/or liquidated damages for lost wages and benefits, and post judgment interest thereon as permitted by law;

6) Reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216(b)  and 42 U.S.C. § 2000e-5(k);

7) Trial by jury as to all issues;

8) Prejudgment interest at the rate allowed by law;

9) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

10)    Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant AMS and Defendant Allen from further unlawful conduct of the type described herein and, *inter alia*, from providing negative, misleading and/or disparaging references pertaining to Plaintiff's employment and/or inaccurately maintaining Plaintiff's personnel file;

11)    Directing Defendant AMS and Defendant Allen to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue

to affect Plaintiff's employment opportunities, including the removal of all letters of reprimand and associated negative documentation from Plaintiff's personnel file; and

12)    All other relief to which Plaintiff may be entitled.

Respectfully submitted this 25th day of July, 2017.

MOLDEN LAW, LLC

/s/ David G. Cheng
David G. Cheng
Georgia Bar No. 762468
Regina S. Molden
Georgia Bar No. 515454
Peachtree Center – Harris Tower
233 Peachtree Street, N.E. Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: rmolden@moldenlaw.com

Attorneys for Plaintiff

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia.  Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 25th day of July, 2017.

 /s/ David G. Cheng
David G. Cheng
Georgia Bar No. 762468